**COUNTY: BUILDING CODE: ADOPTION**:  County may adopt and enforce State Building Code by ordinance notwithstanding previous referendum.  Op. Atty. Gen. 125a. April 20, 1994, superceded.  Minn. Stat. § 16B.72 (2000).

125a
(Cr. Ref. 59a-9)

October 18, 2001

Ross E. Arneson
Blue Earth County Attorney
410 South Fifth Street
P.O. Box 3129
Mankato, MN  56002-3129

Dear Mr. Arneson:

Thank you for your letter of September 18, 2001 in which you request an opinion of the Attorney General concerning the authority of Blue Earth County to adopt the State Building Code under the facts described below.

**FACTS**

The Minnesota State Building Code was adopted on June 28, 1978 by ordinance in Blue Earth County, with an effective date of January 1, 1979.  On March 11, 1979, a referendum was held in the County on the question of adoption of the building code.  The result of the referendum was to reject the building code.

You ask if Blue Earth County wishes to adopt the building code at this time, must the adoption be by means of a referendum since it was defeated by referendum, or can it be by means of the county board passing an ordinance.

**ANALYSIS**

In our opinion, the county board of commissioners may adopt the Minnesota State Building Code by ordinance.

Legislation governing adoption and enforcement of the State Building Code has changed substantially over the past twenty-five years.  Prior to 1977 local governments were permitted,

but not required, to adopt the State Building Code.[1]  Beginning on July 1, 1977, all cities,

counties and urban towns were required to adopt and enforce the Code within their jurisdictions.

*See* Act of June 2, 1977, ch. 381, §§ 1, 2, 1977 Minn. Laws 847, 848.  However, in 1979 the

legislature authorized non-metropolitan counties to conduct referenda on the application of the

code outside of municipalities that had voluntarily adopted the Code before January 1, 1977.  Act

of May 31, 1979, ch. 287 § 2, 1979 Minn. Laws 626, 631.  That section provided:

> Sec. 2  [16.868]  REFERENDA ON STATE BUILDING CODE IN NON-METROPOLITAN COUNTIES.  Notwithstanding any other provision of law to the contrary, a county that is not a metropolitan county as defined by section 473.121, subdivision 4 may provide, by a vote of the majority of its electors residing outside of municipalities that have adopted the state building code prior to January 1, 1977, that no portion of the state building code except the building requirements for handicapped persons shall apply within its jurisdiction.
>
> The county board may, and upon petition therefor signed by voters equal in number to at least five percent of those voting in the last general election shall submit to the voters at a regular or special election the question of adopting the building code.  The question on the ballot shall be stated substantially as follows:
>
> "Shall the state building code be adopted in  . . . County?"
>
> If the majority of the votes cast on the proposition is in the negative, the state building code shall not apply in the subject county, outside home rule charter or statutory cities or towns that adopted the building code prior to January 1, 1977, except the building requirements for handicapped persons shall apply.
>
> *Nothing in this section shall preclude a home rule charter or statutory city or town that did not adopt the state building code prior to January 1, 1977, from adopting and enforcing the state building code within its jurisdiction.*

(Emphasis added)

---

[1] From 1972 to 1977, the State Building Code superceded other municipal building codes previously adopted and was applicable to any municipality choosing to adopt a building code.

In Op. Atty. Gen. 125A, April 20, 1994, this office determined that, under that emphasized language, cities and towns could voluntarily adopt and enforce the Code notwithstanding a negative referendum vote within their county.[2]  However a county could not adopt or enforce the code following a negative referendum vote absent approval at a subsequent referendum.

Following that opinion, the language of Sections 16B.72 was amended in part as follows:

> Nothing in this section precludes a ~~home rule charter or statutory city or town~~ <u>municipality</u> that did not adopt the state building code before January 1, 1977, from adopting and enforcing <u>by ordinance or other legal means</u> the state building code within its jurisdiction.

Act of May 10, 1994, ch. 634, art. 2, § 8, 1994 Minn. Laws 2130, 2147.  Inasmuch as the definition of "municipality" included counties in addition to cities and urban towns,[3] the plain wording of the statute permits counties that had not adopted the Code before January 1, 1977 to adopt the Code by ordinance, in spite of a negative referendum.

The language of Section 16B.72 was amended yet again in 1998 to remove the limiting date as follows:

> Nothing in this section precludes a municipality or town that ~~did~~ <u>has</u> not ~~adopt~~ <u>adopted</u> the state building code ~~before January 1, 1977,~~ from adopting and enforcing by ordinance or other legal means the state building code within its jurisdiction.

Act of April 3, 1998, ch. 359 and 314, 1998 Minn. Laws 590, 598.  That language has not been changed.  It is possible to interpret this present language as permitting voluntary Code adoption by only those municipalities that had never adopted the Code at any time in the past.  However,

---

[2] In 1984, Section 16.868 was recodified at Section 16B.72.

[3] Minn. Stat. § 16B.60 (1994).

since all municipalities were mandated by law to adopt the Code between July 1, 1977, and July 1, 1978, such a construction would mean that the permissive-adoption language would apply to no municipalities, or at least to no municipalities that had complied with the 1977 law. Such an absurd and ineffectual result was presumably not intended by the legislature. *See* Minn. Stat. § 645.17. Rather, it appears that the intent of the legislature was to remove the date reference that was seen as limiting those municipalities that could voluntarily adopt the code by ordinance. Therefore we interpret the reference to a municipality that "has not adopted" the Code to include those in which, due to a negative referendum, the Code has not been in effect.

## CONCLUSION

It is our opinion that Blue Earth County is authorized to adopt and enforce the State Building Code by ordinance, notwithstanding a previous negative referendum vote. Op. Atty. Gen. 125A, April 20, 1994 is superceded to the extent inconsistent with this opinion.

Respectfully submitted,

MIKE HATCH
Attorney General

KENNETH E. RASCHKE, JR.
Assistant Attorney General